# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

DONALD LEE WELSH, JR.,

          Plaintiff,

   v.

LEBANON COUNTY PRISON, et al.,

          Defendants

CIVIL ACTION NO. 1:12-CV-01640

(KANE, J.)
(MEHALCHICK, M.J.)

## REPORT AND RECOMMENDATION

This matter is before the Court upon a motion for summary judgment filed by Defendant Rolando Ponce on October 5, 2015. (Doc. 102).  Upon due consideration of the arguments raised by the parties in their respective briefs, for the reasons provided herein, it is respectfully recommended that summary adjudication be granted in favor of Defendant Rolando Ponce and that he be terminated from the instant action.

### I.  BACKGROUND

#### A.  PROCEDURAL HISTORY

This above-captioned 42 U.S.C. § 1983 civil rights action was initiated by the filing of a complaint in this matter by *pro se* prisoner-Plaintiff Donald Lee Welsh on August 20, 2012 (Doc. 1), which was later amended on October 18, 2012, and  November 26, 2012, prior to the Magistrate Judge conducting its statutorily-mandated screening review of the initial complaint. The crux of this action, as set forth in the three initially-filed pleadings, which advanced a hodgepodge of claims in an fragmentary manner against an array of Defendants, concerned injuries allegedly sustained in an assault committed by Welsh's cellmate, Andrew Enimpah on February 18, 2012 at the Lebanon County Correctional Facility. On February 6, 2013, the

Magistrate Judge screened the three pleadings and recommended dismissal of the complaints without prejudice to Welsh filing a comprehensive amended complaint. (Doc. 37).   On February 26, 2013, the District Court adopted the February 6, 2013 Report and Recommendation,  but referred the matter back to the Magistrate Judge for additional screening of an amended complaint that had been filed by Welsh after the Report and Recommendation had been entered.  (Doc. 43). In accordance with the District Court's directives, the Magistrate Judge entered an Order on June 21, 2013, instructing Welsh to file a single, comprehensive amended pleading to facilitate the Court's review of his claims. Despite the Court's explicit instruction that Welsh file one amended complaint that stands by itself without reference to any previously filed pleadings, Welsh proceeded to file two additional amended complaints. Nevertheless, cognizant of its duty to construe *pro se* pleadings liberally, the Court considered all the three pending amended complaints together for purposes of its screening review. (Doc. 39; Doc. 51; Doc. 53).

On April 8, 2014, upon concluding its screening review of the three amended complaints, the undersigned entered a Report and Recommendation, recommending dismissal with prejudice of all claims and Defendants asserted in the amended pleadings, but for Welsh's Eighth Amendment failure-to-protect claim against Defendant Rolando Ponce, which was adopted in full by the District Court on April 29, 2014. (Doc. 60). On December 23, 2014, Defendant Rolando Ponce filed a motion for summary judgment. (Doc. 80). Shortly thereafter, Welsh again sought leave to amend his complaint to correct the name of a previously dismissed Defendant and further assert claims against two new Defendants; namely, Corrections Officers David Rodriguez and Michael Briseno. (Doc. 74). In an Order dated March 5, 2015, the Court granted in part Welsh's motion to amend his complaint only with respect to permitting Welsh

to assert claims against these additional party-Defendants and struck from the record Defendant Rolando Ponce's motion for summary judgment without prejudice to the Defendant refiling the summary judgment motion as to Welsh's forthcoming amended complaint after the filing of an answer thereto. (Doc. 89).

On October 5, 2015, following the submission of Welsh's amended complaint and Defendant Rolando Ponce's answer with affirmative defenses, Defendant Rolando Ponce filed the instant motion for summary judgment currently pending before the Court, together with a statement of facts and supporting brief. [1] (Doc. 102; Doc. 103; Doc. 104). On October 15, 2015, Welsh filed a brief in opposition to Defendant's motion for summary judgment. (Doc. 105).  On October 29, 2015, Defendant filed a reply brief. (Doc. 106). On November 12, 2015, Welsh filed a response to Defendant's reply brief. (Doc. 107).  Having been fully briefed, this matter is now ripe for disposition.

### B.   FACTUAL BACKGROUND

For purposes of this summary judgment motion, the Court presents the undisputed facts recounted from the record and all controverted evidence in the light most favorable to Welsh, the nonmoving party. In this § 1983 civil rights action, Welsh asserts a deprivation of his constitutional rights secured by the Eighth Amendment against remaining Defendants Rolando Ponce, David Rodriguez, and Michael Briseno—Lebanon County Correctional Facility officials—for their alleged failure to protect Welsh from an assault committed by his cellmate.

---

[1] To date, service of the amended complaint has not been effectuated as to Defendants Corrections Officers David Rodriguez and Michael Briseno. The Court has addressed this service issue in a separate Order filed concurrently with this Report & Recommendation.

The events forming the basis of Welsh's Eighth Amendment failure-to-protect claim transpired on February 18, 2012—the date on which Welsh arrived at the Lebanon County Correctional Facility and was assigned to cell with Andrew Enimpah in Cell No. 3 on Block 1. That afternoon, at approximately 12:40 p.m., Enimpah complained to a corrections officer that Welsh had stolen a number of his commissary items from him and demanded that Welsh be relocated from his cell "before there was a problem." (Doc. 90, at 2, 7). The corrections officer warned Enimpah that he would be held accountable for his actions should he attempt to consummate that threat. (Doc. 90, at 2, 7).  At approximately 2:30 p.m., upon returning from the prison yard, Welsh and Enimpah were secured in their cell. Shortly thereafter, at approximately 3:46 p.m., corrections officers, including Defendant Rolando Ponce, arrived at Cell No. 3 to respond to a conflict between cellmates Enimpah and Welsh. At that time, Welsh informed corrections officers that Enimpah had accused him of stealing his personal property. While questioning the inmates, the corrections officers observed that Welsh had sustained an injury to his nose. Noting the injury, and it appearing that Enimpah assaulted Welsh, an officer reported his observations to two shift supervisors, who eventually transferred Welsh to another cell block and transported Welsh to the Good Samaritan Hospital Emergency Room for further evaluation and treatment for his broken nose.

Enimpah was later found guilty at a disciplinary hearing held on March 20, 2012, on charges of assaulting another inmate and disruption of prison operations.

## II.  SUMMARY JUDGMENT STANDARD

To prevail on a motion for summary judgment, the moving party must show that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if proof of its existence or nonexistence

might affect the outcome of the suit under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where there is no material fact in dispute, the moving party need only establish that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Where, however, there is a disputed issue of material fact, summary judgment is appropriate only if the factual dispute is not a genuine one. *Anderson*, 477 U.S. at 248. An issue of material fact is genuine if "a reasonable jury . . . could find for the nonmoving party." *Childers v. Joseph*, 842 F.2d 689, 693-94 (3d Cir. 1988).

A federal court should grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Farrell v. Planters Lifesavers Co.,* 206 F.3d 271, 278 (3d Cir. 2000). In making this determination, all inferences "should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994).

The court must first determine if the moving party has made a prima facie showing that it is entitled to summary judgment. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. Once that prima facie showing has been made, the burden shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact. *See* Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 331. "[T]he non-moving party must rebut the motion with facts in the record and cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006). The court need not accept mere conclusory allegations, whether they are made in the complaint or a sworn statement. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). In deciding a motion for summary

judgment, the court's function is not to make credibility determinations, weigh evidence, or draw inferences from the facts. *Anderson*, 477 U.S. at 249. Rather, the court must simply "determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249.

## III. DISCUSSION

Relevant to this instant motion for summary judgment, Welsh provides somewhat inconsistent accounts of his interactions with Defendant Ponce during the time leading up to his assault by his cellmate, Enimpah, in his most recently filed amended complaint that incorporates by reference the factual allegations contained in his July 22, 2013 amended complaint, as well as his oppositional brief to Defendant Corrections Officer Rolando Ponce's motion for summary judgment. In his amended complaint, Welsh advances an argument that Defendant Corrections Officer Rolando Ponce received actual notice of the substantial risk of harm posed to Welsh by his cellmate prior to the assault on February 18, 2012 at 3:00 p.m., and at 3:43 p.m.. Specifically, Welsh claims that Defendant Ponce responded to Welsh's cell at approximately 3:00 p.m., when he overheard a verbal exchange between Enimpah and Welsh concerning Enimpah's accusations that Welsh had stolen a commissary item from him. He recounts that, at that time, both Welsh and Enimpah communicated to Defendant Ponce that Welsh needed to be relocated from his cell before "something bad would happen to him." (Doc. 53, at 3).  Welsh further alleges that, during this investigation, Defendant Ponce witnessed Enimpah "thr[owing] a punch at the Plaintiff's face, missing by fractions of an inch," prompting Defendant Ponce to admonish Enimpah and warn him that he would be "held responsible for his actions." (Doc. 53, at 3). Welsh claims that as Defendant Ponce began walking away from his cell, Welsh handed Defendant Ponce a request slip purportedly containing a request that he be transferred from his cell. In Welsh's oppositional brief, Welsh

alleges that he handed Defendant Ponce the request slip at 3:43 p.m.—not at 3:00 p.m.—as he averred in his amended complaint. All in all, Welsh argues that Defendant Ponce took no action to protect him from a substantial risk of serious harm posed by his cellmate in violation of the Eighth Amendment despite having notice of the substantial risk to Welsh's safety through conversing with Enimpah and Welsh, receiving a request slip demanding an immediate cell reassignment, and witnessing Enimpah attempt to strike Welsh.

The Eighth Amendment imposes a "duty upon prison officials to take reasonable measures to protect prisoners from violence at the hands of other prisoners." *Hamilton v. Leavy,* *117 F.3d 742, 746 (3d Cir. 1997).* "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer v. Brennan*, *511* *U.S. 825, 834 (1994)* (quoting *Rhodes v. Chapman,* *452 U.S. 337, 347 (1981)*).  To survive summary judgment on a claim for damages against a prison official for failure to protect a plaintiff from violence caused by other inmates, a plaintiff must produce sufficient evidence establishing that: (1) he was incarcerated under conditions posing a substantial risk of serious harm (an objective inquiry), which "'may be established by much less than proof of a reign of violence and terror,' but requires more than a single incident or isolated incidents;" (2) the prison official acted with deliberate indifference to the substantial risk to his health and safety (a subjective inquiry); and, (3) the prison official's deliberate indifference caused him harm. *Bistrian v. Levi,* *696 F.3d 352, 367 (3d Cir. 2012)* (citing *Farmer,* *511 U.S. at 834*; *Hamilton,* *117* *F.3d at 746).*

Proof of culpable subjective intent is a critical component of an Eighth Amendment failure-to-protect claim. The requisite state of mind is that of deliberate indifference to the prisoner's health or safety.  "[A] prison official cannot be found liable under the Eighth

Amendment for failure to protect an inmate unless the official subjectively knew of and chose to disregard a substantial risk of serious harm to an inmate's health or safety." *Okey v. Strebig*, 531 F. App'x 212, 214 (3d Cir. 2013) *cert. denied,* 134 S. Ct. 446 (2013) (not precedential) (citing *Farmer,* 511 U.S. at 837; *Beers–Capitol v. Whetzel,* 256 F.3d 120, 125 (3d Cir. 2001)). "[T]he official must actually be aware of the existence of the excessive risk; it is not sufficient that the official should have been aware." *Beers–Capitol,* 256 F.3d at 133. Actual knowledge can be inferred, however, where "a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past," and where "circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Beers–Capitol,* 256 F.3d at 133 (quoting *Farmer,* 511 U.S. at 842–43). It is insufficient, however, for an official to simply be "aware of facts from which the inference can be drawn that a substantial risk of serious harm exists." *Farmer*, 511 U.S. at 837. As the Supreme Court has explained,

> a prison official cannot be found liable under the Eighth Amendment . . . unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Farmer*, 511 U.S. at 83.

Here, the above-captioned action is premised on a claim that Defendant Corrections Officer Rolando Ponce failed to protect Welsh from physical injury at the hands of his cellmate, Enimpah. Defendant Corrections Officer Rolando Ponce seeks summary adjudication in his favor on the basis that the uncontroverted evidence presented in the record conclusively establishes that he lacked actual knowledge of a serious risk of harm posed by Welsh's cellmate. In support of his position that he is entitled to summary judgement as a matter of law,

Defendant Ponce proffers four exhibits demonstrating that he did not have the requisite knowledge of a substantial risk of harm to Welsh, including his own sworn affidavit, in which he submits the following:

4. Inmate Enimpah accused Plaintiff of stealing from him on February 18, 2012, but I was not made aware of that situation, and those accusations were instead directed to other members of the Lebanon County Correctional Facility staff. [ ]

5. Plaintiff did not communicate to me at any time during the afternoon of February 18, 2012 that he believed he was in danger or was otherwise subjected to a substantial risk of harm.

6. Plaintiff did not communicate to me at any time during the afternoon of February 18, 2012 that Inmate Enimpah had threatened to cause him harm.

7. Plaintiff did not communicate to me at any time during the afternoon of February 18, 2012 that he believed Inmate Enimpah would assault him.

8. Plaintiff did not provide me with any written notice during the afternoon of February 18, 2012 that he believed Inmate Enimpah would assault him.

9. Plaintiff did not provide me with any written communication of any sort on February 18, 2012.

10. Plaintiff did not ask me at any time during the afternoon of February 18, 2012 to change his cell assignment and remove him from the cell he shared with Inmate Enimpah.

. . .

17. I personally observed injuries to Plaintiff's face at approximately 3:45 p.m. . . .

. . .

9

20. I testified at Inmate Enimpah's misconduct hearing on March 20, 2012, at which
time I testified that I observed Plaintiff without injury, and that I observed Plaintiff
with injuries to his face just minutes later, while he was still secured in his cell with
Inmate Enimpah. . .

(Doc. 103-1, at 1-7)

Defendant Corrections Officer Rolando Ponce also attaches to his summary judgment motion a
copy of the Disciplinary Board Hearing Report dated March 20, 2012 that documents that
Defendant Corrections Officer Rolando Ponce testified at Enimpah's disciplinary hearing held
on the assault charges that he "noticed Welsh without injury and a few minutes later with a
bloody nose" (Doc. 103-1, at 7);  the sworn affidavit of Corporal Steven Davis who prepared
the Incident Report detailing Enimpah's assault on Welsh; and a copy of the Incident Report,
which bears no mention of Defendant Ponce responding to or being informed of any incident
involving Welsh or Enimpah the day of the assault.

In opposition to Defendant Ponce's motion for summary judgment,   Welsh has come
forward with four documents that he insists creates a genuine issue of material fact as to
Defendant Ponce's subjective awareness of a substantial risk of harm to Welsh sufficient to
defeat the instant motion for summary judgment.  Specifically, in addition to the March 20,
2012 Disciplinary Board Hearing Report and Incident Report that are also proffered by
Defendant Ponce, Welsh presents a copy of the Lebanon County Correctional Facility Daily
Log for February 18, 2012, which he argues corroborates that, at 3:00 p.m.on the day of the
incident, Defendant Ponce had conversed with Welsh and Enimpah, had witnessed Enimpah
attempt to strike Welsh, and had received a request slip documenting Welsh's fear of assault.
Welsh  also  submits a handwritten "copy" of the request slip that he alleges he provided to

Defendant Ponce at either 3:00 p.m. or 3:43 p.m.,  notifying Defendant Ponce of the threats made by Enimpah.

Upon detailed review of the arguments raised by the parties and the documentary evidence contained within the record, the Court finds that Defendant's submissions have foreclosed the possibility that reasonable jurors could find that Defendant Ponce was aware of and disregarded a substantial risk of harm to Welsh. Indeed, Welsh has not produced sufficient evidence to create a genuine issue of material fact as to an essential element of his Eighth Amendment failure-to-protect claim: Defendant Ponce's deliberate indifference to the substantial risk of cellmate assault.

Specifically, the Lebanon County Correctional Facility Daily Log for February 18, 2012 does not support Welsh's uncorroborated assertion that Defendant Ponce, at approximately 3:00 p.m., conversed with Welsh and Enimpah, witnessed Enimpah attempt to strike Welsh at that time, and received a request slip alerting him to Welsh's fear of attack from Enimpah. Quite the contrary, the Daily Log records that Defendant Ponce was supervising a cleaning detail on Blocks 1 and 2 of the facility at 3:00 p.m.. While Welsh insists in his oppositional brief that Defendant Ponce strayed from his assignment of supervising a cleaning detail to approach Welsh and Enimpah's cell, Welsh offers no evidence whatsoever to corroborate this position, nor can the Court expect a reasonable jury to infer as much from the Daily Log itself. *Celotex v. Catrett,* 477 U.S. 317, 322 (1986) (stating that the non-moving party cannot resist a properly supported motion for summary judgment merely by restating the allegations of his complaint; rather, he must point to concrete evidence in the record that supports each and every essential element of his case).

Furthermore, the Disciplinary Hearing Board Report, offered by Welsh in conjunction with the Daily Log, actually corroborates Defendant Ponce's testimony at the Disciplinary Hearing and in his sworn affidavit before the Court that he observed Welsh without injuries at approximately 3:43 p.m. while conducting his final block check of Blocks 1 and 2 of the facility, and then witnessed Welsh with injuries "a few minutes later" when he responded to Welsh's cell with Defendants Michael Briseno and David Rodriguez at 3:46 p.m.  Indeed, these exhibits in no way permit a jury to plausibly infer that Defendant Ponce acquired the requisite level of knowledge or awareness of the risk to Welsh's safety prior to the assault. Rather, these exhibits only establish that Defendant Ponce acquired knowledge of the attack after the injury occurred, which is insufficient to satisfy the deliberate indifference standard—and the subjective awareness required by it.  *Beers-Capitol*, 256 F.3d at 137 ("[A] successful deliberate indifference claim requires showing that the defendant knew of the risk to the plaintiff *before* the plaintiff's injury occurred.")  (emphasis added ) (citing  *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997) (holding that a plaintiff cannot make out a deliberate indifference claim against prison officials for a prison attack when the plaintiff presented evidence that the defendants knew of the attack afterwards but presented no evidence that defendants knew of the risk to the defendant before the attack)).

As a final matter, the Court acknowledges Welsh's submission of a handwritten "copy" of the request slip purportedly provided to Defendant Ponce at 3:43 p.m., notifying him that Enimpah was threatening Welsh's life and requesting a transfer into protective custody, thus contradicting Defendant Ponce's affidavit denying having received any written or verbal notification that Welsh was under a serious risk of harm. However,  this factual dispute does not create a genuine issue of material fact sufficient to preclude an award of summary

judgment.  Even when viewing this controverted evidence in the light most favorable to Welsh, this singular request slip, containing a generalized statement that his "life is being threatened by [his] cellie," submitted to Defendant Ponce three minutes before Welsh was attacked, would not permit a trier of fact to infer that Defendant Ponce both knew of and intentionally disregarded an excessive risk to Welsh's safety absent any other evidence of Defendant Ponce's culpable state of mind.   Indeed, this request slip did not charge Defendant Ponce with notice of any "specific incident or cause of tensions between the cellmates" from which an inference could be drawn that an excessive risk was present. *Blackstone v. Thompson*, 568 F. App'x 82, 84 (3d Cir. 2014) (not precedential).  Rather, this request slip merely constituted an isolated report of unspecified tensions between the cellmates, akin to the type of   "'out-of-the-blue and unadorned 'I'm-in-trouble' entreaty,' that is commonly faced by officials, who are charged with the 'arduous' task of managing an inmate population while protecting those in custody.'" *Blackstone*, 568 F. App'x at 84 (quoting  *Bistrian*, 696 F.3d at 371; *Young v. Quinlan,* 960 F.2d 351, 363 n. 23 (3d Cir. 1992), *superseded by statute,* Prison Litigation Reform Act of 1996, Pub.L. No. 104–134, 110 Stat. 1321, *as recognized in Nyhuis v. Reno,* 204 F.3d 65, 71 n.7 (3d Cir. 2000)). Thus, this isolated request slip, devoid of a particularized threat of harm,  is simply insufficient to show that Defendant Ponce knew that Welsh faced a substantial risk such that he could be considered deliberately indifferent to that risk. *Jones v. Beard*, 145 F. App'x 743, 746 (3d Cir. 2005) (not precedential).

Moreover, it bears noting that no reasonable trier of fact could infer, under the circumstances presented, that Defendant Ponce exhibited deliberate indifference to Welsh's safety when considering the amount of time Welsh alleges Defendant Ponce conceivably had to "appreciate the risk of harm and to draw an inference regarding the nature of that risk."

*Williams v. Hampton*, 797 F.3d 276, 289 (5th Cir. 2015). Indeed, by Welsh's most recent averments contained within his brief in opposition to Defendant Ponce's motion for summary judgment, there existed only a three minute period during which Defendant Ponce could abate any potential threat to Welsh's safety, as Defendant Ponce was purportedly warned of the risk to Welsh's safety at 3:43 p.m., three minutes before Welsh was assaulted by his cellmate at 3:46 p.m.. As recognized by the Third Circuit, an officer is only liable "for failing to protect an inmate from another [inmate's] use of force 'if there is a realistic and reasonable opportunity to intervene.'" *Matthews v. Villella*, 381 F. App'x 137, 140 (3d Cir. 2010) (not precedential) (quoting *Smith v. Mensinger,* 293 F.3d 641, 650-51 (3d Cir. 2002)); *see also Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989) ("[T]he plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was the product of deliberate indifference to the prisoner's plight. . . . Obviously, not every official who is aware of a problem exhibits indifference by failing to resolve it."). No evidence exists in the record from which reasonably-minded jurors might draw the inference that Defendant Ponce knowingly and unreasonably disregarded an objectively intolerable risk that Welsh would be attacked by his cellmate at 3:46 p.m. when the request slip in question was purportedly submitted to Defendant Ponce at 3:43 p.m, as there was no reasonable opportunity for Defendant Ponce to consider the risk and deliberate before acting or failing to act in the face of that risk. *See, e.g., Williams v. Hampton*, 797 F.3d at 289; *see also Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013) ("A prison official's deliberate indifference will generally 'shock the conscience' so long as the prison official had time to deliberate before acting or failing to act in a deliberately indifferent manner.") (citations omitted).

Thus, as the evidence in the record is insufficient to raise a genuine issue of material fact that Defendant Ponce knew of a substantial risk to Welsh's safety and acted with deliberate indifferent to that risk, it is respectfully recommended that Defendant Corrections Officer Rolando Ponce be dismissed from this action with prejudice.[2]

## IV. RECOMMENDATION

Based upon the foregoing, it is respectfully recommended that Defendant Corrections Officer Rolando Ponce's motion for summary judgment (Doc. 102) be **GRANTED** and that this Defendant be terminated from the instant action. Further, it is recommended that Plaintiff's request for a trial (Doc. 109) be **DENIED AS MOOT**.

**BY THE COURT:**

**Dated: June 30, 2016**                    s/ Karoline Mehalchick
                                            **KAROLINE MEHALCHICK**
                                            **United States Magistrate Judge**

---

[2] As a final matter, while Welsh insists that the Court deny the pending motion for summary judgment on the basis that Welsh does not have necessary evidence available to him in the form of a declaration from his cellmate Enimpah that he believes would contradict Defendant Rolando Ponce's submissions and create a genuine issue for trial, the Court finds this argument to be unavailing. Welsh was given a reasonable opportunity to acquire the discovery he needed, and furthermore, was not prevented from seeking an extension of time from the Court to conduct additional discovery prior to the close of the discovery period.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

DONALD LEE WELSH, JR.,

                Plaintiff,                       CIVIL ACTION NO. 1:12-CV-01640

        v.                                    (KANE, J.)
                                         (MEHALCHICK, M.J.)

LEBANON COUNTY PRISON, et al.,

                Defendants

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **June 30, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: June 30, 2016                         *s/ Karoline Mehalchick*
                                           **KAROLINE MEHALCHICK**
                                           **United States Magistrate Judge**