UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD LEE WELSH, JR.,

    Plaintiff,

v.

LEBANON COUNY PRISON, et al.,

    Defendants.

CIVIL ACTION NO. 1:12-CV-01640

(KANE, J.)
(MEHALCHICK, M.J.)

**REPORT AND RECOMMENDATION**

Before the Court is *pro se* Plaintiff Donald Lee Welsh's response to the Court's Order to Show Cause. (Doc. 115). On October 15, 2016, the Court ordered Welsh to show cause as to why his sixth amended complaint should not be dismissed for failure to serve named defendants within the time limitations imposed by Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. 114).

## I. PROCEDURAL HISTORY

On August 20, 2012, Welsh filed suit under 42 U.S.C. § 1983, alleging a multitude of grievances against corrections officers and inmates involving general conditions he has experienced as a result of his confinement. (Doc. 1). Finding both the original and first amended complaint insufficient, Magistrate Judge Carlson afforded Welsh "one final opportunity to file an amended complaint" complying with the requirements set out in the Order dated September 18, 2012. (Doc. 19). Welsh filed his second amended complaint on November 26, 2012. (Doc. 28). On February 6, 2013, the Court recommended dismissal of all claims and parties; save Eighth Amendment failure to protect claims against Corrections Officers ("C/O's") Ponce, Vargas, and Sullivan. (Doc. 37). Welsh filed a third amended

complaint prior to the District Court's ruling on the Recommendation. (Doc. 39). Due to Welsh's filing of the third amended complaint, the District Court ordered screening of the new amendment, rather than allowing the action to proceed on the second amended complaint. (Doc. 43).

On June 21, 2013, Magistrate Judge Carlson ordered Welsh to file a single, comprehensive complaint due to the "hodgepodge of claims" advanced "in an episodic fashion" against an "array of defendants." (Doc. 48).[1] On July 22, 2013, Welsh filed two further amended complaints, his fourth and fifth. (Doc. 51; Doc. 53). On April 8, 2014, the Court considered all outstanding amended complaints and recommended dismissal of all claims and parties except for an Eighth Amendment failure to protect claim against Defendant Ponce. (Doc. 57). On April 29, 2014, the District Court adopted the Recommendation, dismissing all other claims and parties with prejudice. (Doc. 60).

After engaging in discovery with Defendant Ponce, Welsh became aware of the identity of C/O's Rodriguez and Briseno, who he deemed necessary parties to the lawsuit. Welsh therefore moved to amend his complaint for their inclusion on November 6, 2014. (Doc. 74). On March 5, 2015, the Court determined Welsh's new claims related back to the original complaint pursuant to Federal Rule of Civil Procedure 15(c), despite exceeding the two-year statute of limitations for a § 1983 action. (Doc. 89). The Court ordered Welsh to file an

---

[1] Prior to submission of a comprehensive complaint, the case was transferred to Magistrate Judge Mehalchick for all subsequent pretrial matters.

amended complaint including the new Defendants within 14 days, which he did on March 16, 2015. (Doc. 89; Doc. 90).

On August 10, 2015, the Court ordered waiver of service forms be sent to the new Defendants. (Doc. 96). These were returned as undeliverable on August 31, 2015. (Doc. 99). The Court ordered Welsh to provide updated addresses by September 14, 2015. (Doc. 100). Welsh advised the Court that due to his incarceration, updated addresses would be nearly impossible to acquire. (Doc. 101). He further suggested a Court-issued subpoena to the prison, requiring the prison to make the addresses available for the Court. (Doc. 101).

Defendant Ponce moved for summary judgment on October 5, 2015. (Doc. 102). On June 30, 2016, the Court recommend summary judgment in Ponce's favor and separately granted a 45-day extension to Welsh for service of his sixth amended complaint upon Defendants Rodriguez and Briseno. (Doc. 110; Doc. 111). On July 20, 2016, the District Court adopted the Recommendation; granting summary judgment to Ponce and dismissing him from the case, leaving only the unserved Rodriguez and Briseno as Defendants. (Doc. 113). On October 5, 2016, the Court entered an Order to Show Cause why the complaint should not be dismissed for Welsh's inability to serve the remaining parties. (Doc. 114). Welsh responded by reiterating his earlier suggestions. (Doc. 115).

## II. DISCUSSION

Under Federal Rule of Civil Procedure 4(m), a defendant must be served within 90 days of the complaint being filed, absent a showing of good cause for the plaintiff's failure.[2] On September 3, 2015, the Court ordered Plaintiff Donald Lee Welsh to provide a valid address for service of Defendants David Rodriguez and Michael Briseno by September 14, 2015. (Doc. 100). Plaintiff was unable to do so. On June 30, 2016, the Court, exercising its discretion, granted Plaintiff an additional 45 days to provide updated addresses, lest the Court dismiss the Defendants from the action. (Doc. 110). To date, Plaintiff has remained unable to provide correct addresses in order to effectuate service upon these Defendants, over four years since the initial complaint (Doc. 1) and nearly two years since Defendants Rodriguez and Briseno were first mentioned in Plaintiff's motion to amend. (Doc. 74).

In an abundance of caution, the Court has endeavored to provide Plaintiff with multiple opportunities to learn of the last-known addresses for these belatedly named defendants, even providing provisions for the execution a Rule 45 subpoena to be directed to now nonparty Lebanon County Prison in a last-ditch effort to obtain this information. (Doc. 110). The Court predicated issuance of a subpoena on the condition that Plaintiff "demonstrate…that he has

---

[2] At the time of Welsh's complaint, Rule 4(m) provided 120 days for service. In December 2015, the Advisory Committee on Civil Rules implemented amendments to Rule 4(m), shortening the period for service from 120 days to 90 in an attempt to reduce delays at the beginning of litigation. *See Langston v. Hershey*, 2016 WL 4366960, at *4 fn 5 (M.D. Pa. Aug. 16, 2016) ("Plaintiff's complaint was filed before the December 2015 amendments to the Federal Rules of Civil Procedure, wherein the time for service in Rule 4(m) was amended from 120 to 90 days."). Even under the more generous timeframe of 120 days, Welsh has plainly failed to effect service as required by Rule 4(m).

made provisions for payment of any costs incurred by a nonparty's compliance with the subpoena *duces tecum*" within 14 days of the date of the Order. (Doc. 110, at 5). See *Badman v. Stark,* 139 F.R.D. 601, 605–06 (M.D. Pa. Aug. 2, 1991).

The Court finds Plaintiff's response insufficient to permit service of the subpoena. Plaintiff has been granted leave to proceed *in forma pauperis* in this action, pursuant to 28 U.S.C § 1915, which has permitted him to bring this action without prepayment of filing and docketing fees otherwise required to commence a federal lawsuit or appeal. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 1915(c) (authorizing payment by the United States of certain record stenographic and printing fees). As a prisoner, he is not excused from paying these fees, but instead he is permitted to pay them in installments over time. 28 U.S.C. § 1915(b). Moreover, his indigent status does not exempt him from the payment of any other litigation expenses. *See Porter v. Dep't of Treasury*, 564 F.3d 176, 180 n.3 (3d Cir. 2009); *Tabron v. Grace*, 6 F.3d 147, 158–59 (3d Cir. 1993); *Boring v. Kozakiewicz*, 833 F.2d 468, 474 (3d Cir. 1987).

"[A]s a general rule, indigent litigants bear their own litigation expenses . . . ." *Tabron*, 6 F.3d at 159. In particular, this Court has previously held that an indigent prisoner litigant is responsible for service of his own discovery subpoena. *Canady v. Kreider*, 892 F. Supp. 668, 670 (M.D. Pa. 1995). This Court has further held that an indigent prisoner litigant is not entitled to obtain copies of documents from a nonparty at government expense. *Badman,* 139 F.R.D. 601, 605–06 (M.D. Pa. Aug. 2, 1991); *see also Tabron,* 6 F.3d at 159 (favorably citing decisions by other courts on this issue). Indeed, prior to the issuance of a subpoena *duces tecum*, an indigent prisoner plaintiff is required to demonstrate to the Court that he has made provisions for payment of any costs incurred by a nonparty's compliance with the subpoena *duces tecum*. See *Badman,* 139 F.R.D. at 605.

The Court granted Plaintiff *in forma pauperis* status on September 18, 2012. (Doc. 2). An *in forma pauperis* party should "*demonstrate* that he has made provision for the costs of" a subpoena before the subpoena can be issued. *See Badman*, 139 F.R.D. at 605 (emphasis added). In both his response to the Order extending the period for service and response to the Order to Show Cause, Plaintiff merely states that he "agrees to" and "will pay for the costs." (Doc. 112; Doc. 115). These conclusory statements do not articulate *how* Plaintiff intends to pay, nor does Plaintiff offer any evidence that he has the means to accommodate a payment of discovery expenses such as inmate account statements or bank records. The Court finds the Plaintiff's submissions unavailing and cannot issue the subpoena absent such a showing.

In granting the 45-day extension to obtain the Defendants' addresses, the Court advised Plaintiff that no further extensions would be granted and the Defendants would be dismissed if he did not comply in providing updated addresses. (Doc. 110, at 3 ("Failure to provide the Court with updated addresses for Defendants Corrections Officers David Rodriguez and Michael Briseno within this timeframe will result in a recommendation of dismissal of these Defendants from the action without prejudice pursuant to Rule 4(m)"). Indeed, 117 days have elapsed since entry of that Order. To date, Plaintiff has not provided updated addresses for service. Plaintiff has plainly failed to provide updated addresses within the timeframe implemented by the June 30, 2016 Order. The Court warned Plaintiff that further extensions would not be granted, as cases, even those couched in civil rights violations, cannot extend into perpetuity.

The Court has afforded Plaintiff ample opportunity to serve Defendants with his complaint; opportunity that he has been unable to seize. Under Rule 4(m), the Court must extend the time for service for an appropriate period upon the showing of good cause for failure

to serve by the plaintiff. Good cause for Plaintiff's delay likewise does not extend into perpetuity. Where attempts at perfecting timely service are "half-hearted and dilatory," good cause does not exist. *See McCurdy v. American Bd. Or Plastic Surgery*, 157 F.3d 191, 196 (3d Cir. 1998). Absent good cause, an extension may only be granted in the sound discretion of the court. *McCurdy*, 157 F.3d at 196. Here, Plaintiff has taken no further action to perfect service since entry of the June 30, 2016, Order. If half-hearted attempts are insufficient to establish good cause, inaction surely fails to establish it as well. The Court extended, for an appropriate period, the time for service of the complaint upon the Defendants, pursuant to Rule 4(m). (Doc. 110). That period has long since expired. The Court recommends that, in its discretion, no further extension of time to effectuate service is warranted.

### III. RECOMMENDATION

Based on the foregoing, the Court recommends that Defendants Rodriguez and Briseno be dismissed for Plaintiff's failure to timely serve the complaint under Rule 4(m). As the Defendants subject to dismissal under Rule 4(m) are the only remaining Defendants to this action, the Court recommends that Plaintiff's sixth amended complaint be dismissed as well, with prejudice, and the Clerk be directed to close this case.

Dated: October 27, 2016            *s/ Karoline Mehalchick*
                                                         **KAROLINE MEHALCHICK**
                                                         **United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

DONALD LEE WELSH, JR.,

        Plaintiff,

v.

LEBANON COUNY PRISON, et al.,

        Defendants.

CIVIL ACTION NO. 1:12-CV-01640

(KANE, J.)
(MEHALCHICK, M.J.)

## NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **October 27, 2016**. Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: October 27, 2016

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**